```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
BOARD OF TRUSTEES OF 1199/SEIU GREATER    :
NEW YORK BENEFIT FUND and BOARD OF        :
TRUSTEES OF 1199/SEIU GREATER NEW YORK    :      20cv6932 (DLC)
EDUCATION FUND,                           :
                                          :          OPINION
                          Plaintiffs,     :
                                          :
                -v-                       :
                                          :
AMBOY CARE CENTER, INC.,                  :
                                          :
                          Defendant.      :
                                          :
----------------------------------------- X
```

APPEARANCES:

For plaintiffs Board of Trustees of 1199/SEIU Greater New York
Benefit Fund and Board of Trustees of 1199/SEIU Greater New York
Education Fund:
Jessica Isa Apter
Patricia McConnell
Levy Ratner, PC
80 8th Avenue, Ste 8th Floor
New York, NY 10011

For defendant Amboy Care Center, Inc.:
David F. Jasinski
Jasinski, P.C.
2 Hance Avenue, 3rd Floor
Tinton Falls, NJ 07724

Erin Leigh Henderson
Jasinski, P.C.
60 Park Place, 8th Floor
Newark, NJ 07102

DENISE COTE, District Judge:

On June 27, 2022, the plaintiffs were awarded partial summary judgment on their claims for unpaid contributions as

well as audit costs and interest.  See Board of Trs. of 1199/SEIU Greater N.Y. Benefit Fund v. Amboy Care Ctr., Inc., No. 20-cv-6932, 2022 WL 2306882, at *1 (S.D.N.Y. June 27, 2022). The defendant is a nursing home employer who failed to pay contributions to a benefit fund and an education fund as required by collective bargaining agreements.  The plaintiffs have now moved for an award of attorney's fees.  For the reasons described below, the plaintiffs are awarded $54,767.50 in attorney's fees and $513.50 in costs.

## Background

The plaintiffs filed this action on August 27, 2020.  After serving the defendant, they obtained a certificate of default and moved for entry of a default judgment.  Faced with that motion, the defendant appeared, and the plaintiffs withdrew the motion.

The principal tasks undertaken by plaintiffs' counsel included successfully opposing the defendant's motion to compel arbitration, participating in discovery, preparing for and attending court-ordered mediation, and moving for summary judgment.  At summary judgment, the plaintiffs obtained an award of over $362,000 for unpaid contributions, plus audit costs and interest.

The plaintiffs seek an award of $54,767.50 for the more than 135 hours of work undertaken by their counsel and the more than 22 hours of work of their counsel's paralegals in this litigation. This includes an award of less than $52,000 for the time spent by counsel and less than $3,000 for the time spent by the paralegals. Plaintiffs' counsel are experienced ERISA counsel.

The plaintiffs also seek an award of $513.50 for costs. This number includes $400 for the filing fee and $113.50 for the cost of service of the summons and complaint on the defendant. Thus, plaintiffs total requested award for fees and costs amounts to $55,281.00.

### Discussion

ERISA § 502(g)(2)(D) provides that when judgment in favor of a multiemployer plan is awarded in a delinquent contributions case, a court is required to award the plan "reasonable attorney's fees and costs of the action, to be paid by the defendant." 29 U.S.C. § 1132(g)(2)(D). A district court has discretion in determining the appropriate amount of a fee award but should "provide a concise but clear explanation of its reasons for the fee award." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). "A request for attorney's fees should not result in a second major litigation." Id.

Courts calculating a reasonable fee award apply the "lodestar method -- hours reasonably expended multiplied by a reasonable hourly rate." McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund, 450 F.3d 91, 96 (2d Cir. 2006). There is "a strong presumption that the lodestar figure represents a reasonable fee." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999) (citation omitted).

Under the lodestar method, a calculation of hours expended "must be supported by contemporaneous time records, affidavits, and other materials," and "only those hours 'reasonably expended' are to be awarded." McDonald, 450 F.3d at 96 (quoting Hensley, 461 U.S. at 434-35). Hours billed by legal support staff, such as paralegals, may be included in the lodestar calculation. See, e.g., U.S. Football League v. Nat'l Football League, 887 F.2d 408, 416 (2d Cir. 1989).

A reasonable hourly rate is one "'in line with . . . prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'" McDonald, 450 F.3d at 96 (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). A key inquiry in determining the reasonableness of the hourly rate is whether "a paying client would be willing to pay" the rate, "bear[ing] in mind that a reasonable, paying client wishes to spend the

4

minimum necessary to litigate the case effectively." Lilly v. City of New York, 934 F.3d 222, 231 (2d Cir. 2019) (citation omitted). District courts may consider their "knowledge of the relevant market when determining the reasonable hourly rate." McDonald, 450 F.3d at 96.

The fees sought by the plaintiffs here are reasonable and will be awarded. The hourly rates of counsel are within the customary rates in this district. The hours spent in this litigation were warranted by the tasks that needed to be undertaken to respond to the defendant's failure to answer, to oppose the defendant's motion to compel arbitration, to participate in discovery, and to obtain summary judgment after mediation efforts failed. Indeed, a request of an award of just over $50,000 in attorney's fees reflects counsel's careful management of its time.

The defendant requests that the award total no more than 50% of the requested amount. It complains that the time entries reflect improper block billing, that too much time was spent in the effort to obtain a default judgment, that there was duplicative work, and that secretaries rather than paralegals or lawyers should have performed some of this work. It complains as well that the plaintiffs failed to show that their counsel's hourly rates were reasonable.

None of these complaints have merit. As noted, the amount requested is entirely reasonable in the context of the work required by this litigation. In addition, having examined each of the issues raised by the defendant, none of them survives scrutiny. The time spent in connection with the defendant's default was appropriate and succeeded in bringing the defendant into court to respond to the claims in this action. The entries in the time records are sufficiently detailed to permit assessment. The work undertaken by the paralegals was work customarily performed by paralegals. Finally, as noted, the hourly rates are within the range of rates customarily awarded.

## Conclusion

The plaintiffs' July 8, 2022 motion for an award of attorney's fees and costs is granted. An Order that accompanies this Opinion sets a schedule for the submission of a proposed judgment.

Dated:   New York, New York
         September 1, 2022

                                        _____
                                              DENISE COTE
                                        United States District Judge